FAGOT
*vs.*
GRADERIGO.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

/

## FAGOT *vs.* GRADERIGO.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE

SEVENTH PRESIDING.

An authority conferred on an inspector of cattle by the police jury of St. Martin, to inspect "all droves intended to be taken out of the parish of St. Martin, to be sold on the Mississippi, does not authorise the inspector to demand fees of drovers passing through St. Martin from other parishes.

The police jury have power only to pass laws and ordinances, and make regulations relative to the property which is owned and limited to their respective parishes, or brought there for deposite or sale.

The circumstance of property passing through their jurisdictional limits, does not authorise them to stop it for inspection or any other purpose.

The police jury of the parish of St. Martin, on the 15th of August, 1827, passed an inspection law, requiring a tax of six cents, to be paid to the inspector, on each head of cattle," &c. "intended to be taken out of the parish of St. Maritn, to be sold on the Mississippi," &c. An inspector of droves of cattle, &c. to be appointed annually.

Under this authority the plaintiff was appointed. The defendant resides in the parish of St. Landry; but, in driving his cattle to market, has to pass through the parish of St. Martin. The plaintiff demands inspection fees on one thousand seven hundred and seventy-one head of cattle which he alleges passed through the place designated, in the parish of St. Martin, for the inspection of cattle, &c. from the 27th of August, 1828, to 24th of December, 1829, belonging to the defendant.

WESTERN DIST.
September, 1831.

FAGOT
vs.
GRADERIGO.

The defendant denied the right of the plaintiff to demand fees for cattle driven to market from the parish of St. Landry, or from any other parish than St. Martin. The cause was tried in the district court, where the constitutional and legal right of the police jury of St. Martin to make such laws, and of the inspector to enforce them, were directly called in question. The defendant had judgment in his favor.

*Simon* and *Brownson* for the plaintiff.

1. The regulations of the police jury of St. Martin, were adopted in pursuance of authority given by the legislature in the act of 1825. *Moreau's Digest, vol.* 2, *p.* 250.

2. Inspection laws are not unconstitutional. The state has several inspection laws, particularly for the city of New-Orleans. *Constitution U. S.* § 10.

*Garland* for the defendant.

The police jury of St. Martin have no legal or constitutional right to pass any such law or ordinance as the one under which the plaintiff claims inspection fees of the defendant. Their duties are defined by law, and neither the constitution of the United States or of this state will permit the passage of such ordinances as the one under consideration. 2 *Moreau's Digest,* 241, § 5. *Ibid* 250, § 3.

*Porter, J.* delivered the opinion of the court.

The police jury of the parish of St. Martin passed an ordinance respecting droves of cattle driven out of said parish, to be sold on the Mississippi and in New-Orleans. By this ordinance, all animals so driven were made subject to inspection; and a register was directed to be kept of their marks, by the inspector appointed under the power of said jury. This inspector was authorised to demand from the owners of the cattle, six cents for each head inspected, and heavy fines and penalties were imposed for any contravention of these regulations.

The defendant, who is an inhabitant of the parish of St. Landry, conducted a drove of beeves from that parish to

New-Orleans through the parish of St. Martin; and, in passing through, they were inspected, and having refused to pay the inspector the fees given by the regulations referred to, this action was brought to recover them.

WESTERN DIST.
September, 1831.

FAGOT
vs.
GRADERIGO.

There was judgment, in the court of the first instance, for the defendant, and the plaintiff appealed.

The question has been argued as well on the right of the police jury to pass a regulation of this kind, as on the authority of the legislature to confer a power of such a description. It has been said they could not constitutionally exercise it themselves, and, therefore, could not confer it on others.

We have not found it necessary to inquire into the constitutionality of such a regulation. The case can be settled without touching on that ground.

In the first place, we see nothing in the police regulation itself which authorises an inspection of droves from any other place than the parish of St. Martin. The only part of it which speaks of the power of the officer to be appointed, or the things on which he is to exercise the duty imposed on him, is the following clause: "That an annual nomination will be made by the police jury," &c. "of an inspector of droves intended to be taken out of the parish of St. Martin, to be sold on the Mississippi or at New-Orleans." No other provision in the regulation or ordinance extends these words, and we are at a loss to conceive how it came to be understood that taking a drove of cattle *out of* the parish of St. Landry, to conduct them to New-Orleans, was a *taking out of the parish of St. Martin*, because they passed *through it*. Things taken from one place to another, can with no propriety be said to be taken from every place through which they pass.

*An authority conferred on an inspector of cattle by the police jury of St. Martin, to inspect "all droves intended to be ta-ken out of the pa-rish of St. Mar-tin, to be sold on the Mississippi, does not author-ise the inspector to demand fees of drovers pas-sing through St. Martin from other parishes.*

The case might well be disposed of on this ground; but as we suppose it was brought before us to obtain an opinion on the right of the jury to make such a regulation as their inspector contends they have made, we have thought it proper to express that opinion. We do this the more readily, as the question is of some importance to the public, and we have no doubt about it.

WESTERN DIST.    We think it very clear the police jury did not possess
September, 1831.   authority to make such a regulation.   We are of opinion that

LACY         a power of so extensive a kind which is liable to great abuse,
vs.
KENLEY.      and which might produce such disagreeable collisions be-

               tween the different parishes in the state, should be shown to
The police   be expressly given.   We have looked into the different
jury have power
only to pass laws statutes conferring authority on bodies of this kind, and we
and ordinances,
and make regu- cannot find any thing to sanction it.   The power given to
lations relative
to the property them, we think, is clearly limited to the property which is
which is owned
and limited to owned within their own parish, or brought there for the
their respective purposes of deposite or sale, or for any other object.   The mere
parishes, or
brought therefor circumstance of its passing through the jurisdictional limits
deposite or sale. of the police jury, does not, in our opinion, confer on them

The circum- the authority to stop it for inspection or for any other purpose.
stance of proper-
ty passing thro' Such a power is inconsistent with the right of the citizen to
their jurisdic-
tional limits, convey himself or his property on the public highways, from
does not autho- one part of the state to the other, without let or hindrance: a
rise them to stop
it for inspection right which can only be controlled or regulated by the legis-
or any other pur- lature itself, or, perhaps, by those to whom they expressly
pose.
               delegate the power.

       It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.